**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TOMMY J. HAMILTON, 09045499,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:09-CV-1415-L** |
| | ) | |
| **SERVICE KING AUTO REPAIRS, ET AL.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge.  The supplemental findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Type of case**

Plaintiff brings this suit pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1984, 1985, 1986 and 1988.  He is proceeding *pro se*, and the Court has granted him permission to proceed *in forma pauperis*.  Defendants are Service King Auto Repairs ("Service King"), Enterprise Rental Cars and John Does 1 - 4 who he states are employees of Service King.

**II.  Background**

Plaintiff states that in November or December 2007 or 2008, he was in a car accident that caused serious damage to his car.  He states his insurance company instructed him to take his car to Defendant Service King for repairs.  He was also provided a rental car from Defendant Enterprise Rental Cars.

**Findings and Conclusions of the
United States Magistrate Judge**          Page -1-

While driving the rental car, Plaintiff was involved in a second car accident.  Plaintiff states that when he attempted to retrieve his property and his mother's property from the rental car, Defendants unlawfully prevented him from obtaining the property.  He states Defendants deprived him of his property because of his race in violation of his civil rights.

Plaintiff seeks five million dollars in compensatory damages and thirty million dollars in punitive damages.

### III.  Discussion

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes, inter alia, that the action is "frivolous or malicious."  28 U.S.C. §1915(e)(2)(B)(I).  An action is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Williams*, 923 F.2d 51, 53 (5th Cir. 1991).  A complaint is without an arguable basis in law if it is grounded upon a discredited or untenable legal theory.  *Neitzke*, 490 U.S. at 325.  A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); see also *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### A.      Color of State Law

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).  The Fourteenth Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of

life, liberty, or property without due process of law." The Fourteenth Amendment prohibits only that action which may be fairly attributed to the states. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948). The Fourteenth Amendment does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

In this case, Plaintiff sues two private parties, and various John Does. Plaintiff has failed to show that these Defendants acted under color of state law. Plaintiff's claims under § 1983 should be dismissed.

**B. Various Statutes**

Plaintiff also claims his complaint arises under 42 U.S.C. §§ 1981, 1982, 1984, 1985 and 1986. None of these statutes, however, provide relief for Plaintiff's claims.

Section 1981 provides "[a]ll persons . . . the same right to . . . make and enforce contracts . . . ." *See*, 42 U.S.C. § 1981. Section 1982 prohibits racial discrimination in the sale or rental of property. *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409 (1968). Plaintiff's allegations do not contain a contractual claim, or a claim regarding the sale or rental of property.

Section 1985 addresses a conspiracy to violate a person's civil rights. To state a conspiracy under § 1985, a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Crook v. El Paso Indep. School District*, 277 Fed. Appx. 477, 480 (5th Cir.2008). In this case, although the Magistrate Judge's Questionnaire ordered Plaintiff to provide all facts regarding his

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -3-

claims, Plaintiff has failed to allege any facts showing that Defendants withheld his property because of his race.  His conspiracy claim should therefore be dismissed.

Section 1986 penalizes defendants who know about a conspiracy to violate a person's civil rights, and who have the power to prevent the violation but fail to do so.  *Webb v. Owens*, 308 Fed. Appx. 775, 776 (5th Cir. 2009).  A violation of § 1986 is dependent upon a violation of § 1985.  *Id.*  In this case, Plaintiff has failed to sufficiently allege a § 1985 claim.  His § 1986 claim therefore also fails.

Section 1984 no longer exists.  Its first two sections were declared unconstitutional.  *United States v. Stanley*, 109 U.S. 3, 26 (1883).  The remaining sections were repealed by Congress.  *See* Act of June 25, 1948, Pub. L. No. 80-772, § 21, 62 Stat. 683, 862.

Finally, the Supreme Court has held that § 1988 instructs the federal courts as to what law to apply in causes of action arising under federal civil rights acts.  *Moor v. County of Alameda*, 411 U.S. 693, 703-04 (1973).  It also provides for an award of attorney fees to a prevailing party.  Plaintiff has failed to show that he states any cause of action under this section.

## RECOMMENDATION

The Court recommends that Plaintiff's complaint be dismissed with prejudice.

Signed this 18th day of May, 2010.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings and Conclusions of the**
**United States Magistrate Judge**                    Page -6-