IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **TOMMY J. HAMILTON, #09045499**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:09-CV-1415-L** |
| § | |
| **SERVICE KING AUTO REPAIRS,** § | |
| **ENTERPRISE RENTAL CARS, &** § | |
| **JOHN DOES 1, 2, 3, & 4,** § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are the Findings, Conclusions and Recommendation of the United States Magistrate Judge, filed May 18, 2010 (the "Report"). Plaintiff Tommy J. Hamilton ("Plaintiff" or "Hamilton") timely filed objections on June 3, 2010. On June 16, 2010, he filed a brief in support of his objections.

Plaintiff brings this suit pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1984, 1985, 1986, and 1988. The magistrate judge made specific findings and recommends that Plaintiff's Complaint be dismissed with prejudice.

Hamilton raises four objections to the magistrate judge's findings, and also argues generally that the magistrate judge is "administering the law in this cause with an evil eye and a[n] uneven hand" and that "every legal theory or argument of law put forth by the report is indisputably misplaced in this case." Pl.'s Reply & Objections 2. The court will consider each of Plaintiff's objections in turn.

**Memorandum Opinion and Order – Page 1**

Hamilton's first objection is to a statement in the Report that he alleged that Defendants prevented him from retrieving his property from a rental car. He asserts that the property Defendants confiscated was in his Porsche Boxster convertible. The court **overrules as moot** this objection. It is immaterial to the magistrate judge's findings, conclusions, and recommendations which car allegedly contained Plaintiff's property.

Hamilton next objects to the magistrate judge's statement that his allegations do not contain a contractual claim or a claim regarding sale or rental property as required under §§ 1981 and 1982. He argues that the magistrate judge's statement is "totally misplaced" because his claim is that "Defendants conspired together for the purpose of depriving Plaintiff and his mother of their property . . . without due process of law" because of their race, and "did nothing to prevent the violation" of his due process rights. Pl.'s Reply & Objections 1-2. The court **overrules** this objection. Plaintiff has failed to allege any state action or any facts showing that Defendants withheld his property because of his race. Moreover, Plaintiff's §§ 1981 and 1982 claims fail for the reasons set forth in the Report.

Plaintiff's third objection is to the magistrate judge's determination that he is not entitled to relief on his § 1983 claim because he has failed to show that Defendants acted under color of state law. Hamilton contends that he is suing private parties who directly deprived him of the equal protection of the law. The court **overrules** this objection. As the magistrate judge clearly explained, the Fourteenth Amendment does not prohibit purely private conduct, however discriminatory or wrongful, and Plaintiff has not alleged any facts that would support an inference that Defendants acted under color of state law or in concert with state actors as required by § 1983.

**Memorandum Opinion and Order – Page 2**

Hamilton next objects to the magistrate judge's statement that the facts alleged in his case are fantastic or delusional scenarios. He asserts that the scenarios he alleges are not fantastic. The court **overrules** this objection. The magistrate judge merely quoted other cases involving meritless claims and did not apply the terms "fantastic" or "delusional" to anything Plaintiff alleges.

Finally, Hamilton argues generally that "the court in bad faith is administering the law in this cause with an evil eye and a[n] uneven hand" and that "every legal theory or argument of law put forth by the report is indisputably misplaced in this case." Pl.'s Reply & Objections 2. The court **overrules** this objection as completely without merit. The magistrate judge properly applied the relevant law.

Plaintiff's further brief in support of his objections, filed June 16, 2010, is untimely. A party must file any written objections to the magistrate judge's findings and recommendations within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff filed this brief twenty-nine days after the findings and recommendations were filed and thirteen days after his objections were filed. Even if the court were to consider Hamilton's brief as timely filed, it would overrule the objections for the reasons stated below.

Hamilton asserts in his brief that his complaint should not be dismissed and cites *Haines v. Kerner*, 404 U.S. 519 (1972), and *Conley v. Gibson*, 355 U.S. 41 (1957). These cases are inapposite, as they do not address the standard for dismissal of frivolous claims under § 1915(e)(2)(B)(i). The magistrate judge determined that Plaintiff's Complaint is frivolous. The standard for dismissing frivolous claims requires that the claims have no arguable basis in fact or law, or be based on an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Harris v.*

*Hegman*, 198 F.3d 153, 156 (5th Cir. 1999). The court therefore would have overruled this objection even if timely filed.

Hamilton also argues that he was not given the opportunity to amend his Complaint to overcome any deficiencies and contends that any factual issues must be resolved in his favor. In this case, the magistrate judge issued a questionnaire that asked Plaintiff, among other things, to state all facts upon which he intended to rely to show that Defendants had violated his rights. Plaintiff submitted a response to the questionnaire, and his answers were taken into account when the magistrate judge determined that his case is frivolous. Plaintiff has had two chances to state his claims, but he has failed to set forth any basis in fact or law to support them. The court has no reason to believe that, given the chance to replead, Hamilton could set forth any facts to state a claim under the statutes he cites unless he entirely changes the legal theories upon which he wishes to proceed. Amendment would not cure the deficiencies, and it would unnecessarily delay resolution of this case. Therefore, the court would have overruled this objection even if timely filed.

The court has reviewed the magistrate judge's Report, Plaintiff's Reply & Objections, Plaintiff's brief in support of his objections, the record, and the applicable law, and determines that the findings are correct. They are therefore **accepted** as those of the court, and Plaintiff's Motion for Process, filed April 16, 2010, is **denied**. Accordingly, the court **dismisses** Hamilton's Complaint **with prejudice** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**It is so ordered** this 22nd day of June, 2010.

                                                Sam A. Lindsay
                                                United States District Judge